IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NAVASHIA AKINS                                                                    PLAINTIFF

v.                              No. 4:25-cv-1183-DPM

TIMOTHY D. FOX, Judge, Official
Capacity; LL GLENN PLAZA LOOP, LLC,
Individual and Official Capacities, d/b/a
Steve Landers Chrysler Dodge Jeep Ram;
and TRISTAN BENNET FRANKS,
Attorney, Barber Law Firm, Individual
and Official Capacity                                                           DEFENDANTS

ORDER

1.     Akins's application to proceed *in forma pauperis*, Doc. 1, is granted, but she must still pay the filing fee over time. *See Doc. 3* in *Akins v. Uber Technologies, Inc.*, No. 4:25-cv-1127-DPM. The Court assesses an initial partial filing fee of $10. Akins must pay $10 by 10 January 2026. And she must pay $10 by the 10th of each following month until the entire $405 filing fee is paid.

2.     The Court must screen Akins's complaint. 28 U.S.C. § 1915(e)(2). Akins sued LL Glenn Plaza Loop, LLC in Pulaski County Circuit Court in five separate suits since May 2025. *Akins v. LL Glenn Plaza Loop, LLC*, 60CV-25-5501, 60CV-25-8328, 60CV-25-8925, 60CV-25-8976, and 60CV-25-12091. Each case was dismissed under Arkansas law. Akins has appealed three of those rulings. *Akins v. LL*

*Glenn Loop, LLC,* CV-25-669, CV-25-670, and CV-25-675. Circuit Judge Fox issued an order barring Akins from proceeding *in forma pauperis* in any future filings. *In re Petition of Navashia Akins to Proceed In Forma Pauperis*, 60CV-25-8976 (Pulaski County) (Order, 6 August 2025).

Akins argues that Judge Fox, LL Glenn Plaza Loop, LLC, and its attorney Tristan Franks violated her civil rights under 42 U.S.C. § 1983 by conspiring to deny her access to the courts in retaliation for her exercising her first amendment right to bring suit. *Doc. 2 at 2.* She seeks $50 million in damages and an order directing Judge Fox to restore her right to proceed *in forma pauperis* in Pulaski County Circuit Courts.

Akins's claims fail as a matter of law. LL Glenn Plaza Loop, LLC and its attorney Tristan Franks are private actors, who are ordinarily not subject to suit under § 1983. To come within reach of the statute, a private actor must be a "willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline University*, 747 F.3d 532, 536 (8th Cir. 2014) (quotations omitted). Neither defending itself against Akins's lawsuits, as Glenn Plaza Loop, LLC did, nor acting as a lawyer in that defense, as Franks did, suffices to state a plausible claim of joint activity with the Court to deprive Akins of her rights in the circumstances presented. And Judge Fox has judicial immunity for judicial acts done within his jurisdiction, such as determining *in forma pauperis* status. *Justice Network Inc. v.*

*Craighead County*, 931 F.3d 753, 759–62 (8th Cir. 2019).  Even if Judge Fox could be sued, there is no constitutional requirement that court fees be waived for indigent litigants.  *United States v. Kras,* 409 U.S. 434, 450 (1973); *Lyon v. Krol,* 127 F.3d 763, 765 (8th Cir. 1997).  In any event, this Court cannot tell a state court judge how to manage that judge's docket.  And Akins is availing herself of the legally adequate remedy available to her — appealing Judge Fox's rulings.  *Pulliam v. Allen,* 466 U.S. 522, 542 & n.22 (1984).

3.  Akins's complaint will be dismissed without prejudice for failure to state a claim.  An *in forma pauperis* appeal from this Order and accompanying Judgment will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 December 2025